

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

GEOFFREY J. GRAY                                                    PLAINTIFF

VS.                                         CAUSE NO. 3:14cv634 DPJ-FKB

LEVI STRAUSS & CO. HUMAN RESOURCE
MANAGER THOMAS MARATEA, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY;
LEVI STRAUSS & CO. INVENTORY
RECEIVING & CONTROL MANAGER
ADRIAN WOODALL, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY;
LEVI STRAUSS & CO.; WORKERS UNITED
LABOR UNION LOCAL 2550 REPRESENTATIVE
ANNIE CURTIS, INDIVIDUALLY AND IN HER
OFFICIAL CAPACITY; AND WORKERS UNITED
LABOR UNION LOCAL 2550                                             DEFENDANTS

## COMPLAINT

### (JURY TRIAL REQUESTED)

COMES NOW Geoffrey J. Gray, by and through undersigned counsel, and files his Complaint against Levi Strauss & Co. Human Resource Manager Thomas Maratea, Individually and in his Official Capacity; Levi Strauss & Co. Inventory Receiving and Control Manager Adrian Woodall, Individually and in his Official Capacity; Levi Strauss & Co.; Workers United Labor Union Local 2550 Representative Annie Curtis, Individually and in her Official Capacity; and Workers United Labor Union Local 2550, and for grounds would show unto this Honorable Court the following, to-wit:

### PARTIES

1.   Plaintiff Geoffrey Gray is an adult resident citizen of Hinds County, Mississippi and brings this action on his behalf.

2.   Defendant Thomas Maratea (Defendant Maratea) is, and all times material hereto was, the human resource manager with Levi Strauss & Co. and acting within the course and scope of his employment as said

human resource manager. This defendant may be served with process of this Court at his business address of Levi Strauss & Co., 501 Denim Way, Canton, Mississippi.

     3.    Defendant Adrian Woodall (Defendant Woodall) is, and all times material hereto was, the inventory receiving and control manager with Levi Strauss & Co. and acting within the course and scope of his employment as said inventory receiving and control manager. This defendant may be served with process of this Court at his business address of Levi Strauss & Co., 501 Denim Way, Canton, Mississippi.

     4.    Defendant Levi Strauss & Co. (Defendant Levi Strauss) is, and all times material hereto was, an American clothing company headquartered in the State of California and licensed to do business here in the State of Mississippi.  This defendant may be served with process of this Court in care of its agent for service, Corporation Service Company, 506 South President Street, Jackson, Mississippi.

     5.    Defendant Annie Curtis (Defendant Curtis) is, and all times material hereto was, an employee of Defendant Levi Strauss & Co. and union representative for Defendant Workers United Labor Union Local 2550 for the employees of Defendant Levi Strauss & Co. and acting within the course and scope of her employment as said employee and union representative. This defendant may be served with process of this Court at her business address of Levi Strauss & Co., 501 Denim Way, Canton, Mississippi.

     6.    Defendant Workers United Labor Union Local 2550 (Defendant Workers United) is, and all times material hereto was, a labor union that represents workers at Defendant Levi Strauss per a North America-wide contract with Defendant Levi Strauss. This defendant may be served with process of this Court by service upon Noel Beasley, its President,

at SEIU Workers United, 12 West 31st Street, 12th floor, New York, New York.

## JURISDICTION AND VENUE

7.   Plaintiff asserts claims and causes of actions under the United States Constitution, particularly, the Fifth and Fourteenth Amendments thereto.

8.   Plaintiff asserts claims and causes of action under all federal laws, statutes and regulations, particularly, Title 42, United States Code, §1981 of the Civil Rights Act of 1991.

9.   Therefore, this Court has original jurisdiction over the parties and subject matter pursuant to Title 28, United States Code, §1331 and §1343(a)(3).

10.   Venue is proper before this Court, particularly, the Southern District of Mississippi, Jackson Division, since all or part of the acts and/or omissions of the defendants occurred in this jurisdiction and/or division.

## FACTS

11.   Plaintiff adopts and incorporates by reference each and every allegation as set forth above.

12.   On or about August 20, 2010 plaintiff was hired by Defendant Levi Strauss as a flexpac operator, a job for which he was qualified.

13.   Also on or about August 20, 2010, Defendant Levi Strauss presented plaintiff a copy of its Work Rules & Regulations.

14.   Plaintiff acknowledged receipt of the Work Rules & Regulations by attesting his signature as proof thereof.

15.   Plaintiff's immediate and direct supervisor, then and at all times material hereto, was Defendant Woodall.

16.   By virtue of his employment with Defendant Levi Strauss, plaintiff was awarded union representation by Defendant Workers United.

17.   As an employee of Defendant Levi Strauss, plaintiff was provided a copy of the Local Canton Agreement and Addendum (Contract) that existed between Defendants Levi Strauss and Workers United.

18.   Plaintiff acknowledged receipt of the Contract by attesting his signature as proof of his receipt thereof.

19.   Plaintiff's union representative, then and at all times material hereto, was Defendant Curtis.

20.   Beginning in or around January 2013 and at the time of his termination, plaintiff was employed by Defendant Levi Strauss in its receiving department, a position for which he was qualified.

21.   On or about August 27, 2013, while working during his shift, plaintiff was called into an office to meet with Defendants Maratea, Woodall and Curtis and facility manager Mark Grovich.

22.   During the meeting, Defendants Maratea, Woodall and Curtis advised plaintiff that an August 18, 2013 video recording showed him entering the workplace wearing a retail mainline t-shirt that they contended had only been shipped to a few select mainline retail stores in New York City and San Francisco.

23.   When asked from where or whom he had gotten the t-shirt, plaintiff responded that it was given to him as a gift from his minor son's mother who resided in Columbia, Missouri.

24.   Plaintiff acknowledged that not only had he worn the subject t-shirt to work on August 18, 2013, he had also worn it to work on August 8, 2013.

25.   Defendant Woodall specifically requested to see the t-shirt and granted plaintiff permission to leave the workplace during his

August 27, 2013 shift to retrieve the t-shirt from his home and to return to work with it.

26.   Upon receipt of the t-shirt, Defendants Maratea, Woodall and Curtis informed plaintiff they would conduct an investigation and audit review of Defendant Levi Strauss' inventory.

27.   On or about August 29, 2013, Defendants Maratea and Woodall called plaintiff in for another meeting and advised that their investigation and audit review of the inventory relative to the subject mainline t-shirt revealed plaintiff had stolen it.

28.   Plaintiff denied stealing the subject t-shirt and again advised he had received the shirt as a gift.

29.   When asked by Defendants Maratea and Woodall for information to contact the mother of his minor son, plaintiff declined to provide the information because he knew that he had not stolen the subject t-shirt.

30.   Defendants Maratea and Woodall placed plaintiff on suspension effective August 29, 2013 for the unauthorized possession of company property, a Category I violation of Defendant Levi Strauss' Work Rules & Regulations.

31.   At no time from and after August 29, 2013 did the Defendants present or provide plaintiff with any evidence or proof to support their contention that he had stolen the mainline t-shirt.

32.   Beginning September 2, 2013, plaintiff repeatedly telephoned Defendant Curtis to inquire about the duration of his suspension and status of his employment.

33.   Plaintiff was advised by Defendant Curtis via telephone on or about September 12, 2013 that she had received an email communication advising of plaintiff's termination.

34.   Because of the manner in which Defendant Curtis informed plaintiff of the termination, he continued to telephone her for additional information relative to the termination.

35.   Plaintiff had no further telephone communications with Defendant Curtis and did not receive any records or documents from any of the Defendants relative to his employment and/or termination after September 12, 2013.

36.   Having heard nothing further from the Defendants about his employment and/or termination, plaintiff applied for unemployment benefits with the Mississippi Department of Employment Security (MDES) in late-October 2013, and began receiving benefits in November 2013.

37.   On or about January 13, 2014, plaintiff received a Notice of Telephone Hearing dated January 9, 2014 from the MDES advising of Defendant Levi Strauss' appeal of plaintiff's award of unemployment benefits.

38.   Enclosed with this MDES Notice were records and documents from Defendants Levi Strauss and United Workers that addressed plaintiff's suspension and termination.

39.   This was plaintiff's first instance to receive or review any Defendant Levi Strauss or Defendant Workers United records or documents relative to his employment and/or termination.

40.   Also among the employment records was a two-page Defendant Workers United Grievance Report, Grievance No. 091213 dated September 12, 2013.

41.   Although the first page of the Grievance Report had a signature line for the Grievant (presumably plaintiff), it was completed and signed only by Defendant Curtis.

42.    Defendant  Curtis  stated  on  the  Grievance  Report  that Sections  8.1  and  8.3  of  the  Contract  had  allegedly  been  violated relative to plaintiff's suspension and/or termination.

43.    The  Grievance  Report,  stamped  'Received'  on  September  13, 2013, noted that plaintiff had been suspended on August 29, 2013.

44.    Page  two  of  the  Grievance  Report,  which  was  completed, signed and dated January 10, 2014 by Defendant Maratea, referenced a 3rd step  meeting  on  January  8,  2014;  the  disposition  as  termination;  and grievance denied.

45.    A  narrative  detailing  plaintiff's  termination,  also  dated January  10,  2014  and  signed  by  Defendant  Maratea,  was  attached  to  the Grievance Report.

46.    Because  plaintiff  had  never  seen  these  documents  before,  he sought counsel for the appeal hearing.

47.    The  appeal  hearing  was  rescheduled  and  subsequently  held  on February 12 and 17, 2014.

48.    Based  on  the  testimony  and  evidence  offered  at  the  appeal hearing,  the  MDES  Administrative  Law  Judge  concluded  Defendant  Levi Strauss  had  not  met  its  burden  in  proving  plaintiff  guilty  of misconduct  associated  with  his  employment  and  deemed  plaintiff qualified to receive unemployment benefits.

## CAUSES OF ACTION

### Breach of Contract

49.    Plaintiff  adopts  and  incorporates  by  reference  each  and every allegation as set forth above.

50.    Article  6  of  the  Contract  sets  forth  the  Grievance Procedure  to  be  followed  in  the  event  a  grievance  arises  between  the parties subject to the Contract provisions.

51.   The parties, plaintiff as an employee of Defendant Levi Strauss who was provided union representation by Defendant Workers United through Defendant Curtis, were subject to the provisions of Article 6 of the Contract.

52.   Article 8 of the Contract addresses Discipline and Discharge and the steps an employee is to follow in the event he/she desires to protest his/her discharge.

53.   The parties, plaintiff as an employee of Defendant Levi Strauss who was provided union representation by Defendant Workers United through Defendant Curtis, were subject to the provisions of Article 8 of the Contract.

54.   As an employee of Defendant Levi Strauss who was provided union representation by Defendant Workers United through Defendant Curtis, plaintiff submits he was due the contractual rights established and set forth under Articles 6 and 8 of the Contract.

55.   As an employee of Defendant Levi Strauss who was provided union representation by Defendant Workers United through Defendant Curtis, plaintiff submits he was denied the contractual rights established and set forth under Articles 6 and 8 of the Contract.

56.   Plaintiff submits the defendants failed to comply with Articles 6 and 8 of the Contract when they terminated him without just cause.

57.   Plaintiff submits the defendants failed to comply with Articles 6 and 8 of the Contract when they did not provide him written notice of the termination.

58.   Plaintiff submits the defendants failed to comply with Articles 6 and 8 of the Contract when they did not provide him written notice of the termination within twenty-four (24) hours of same.

59.   Plaintiff submits the defendants failed to comply with Articles 6 and 8 of the Contract when they did not provide him written notice of the reasons for the termination.

60.   Plaintiff submits the defendants failed to comply with Articles 6 and 8 of the Contract when they did not provide him written notice of the termination and the reasons for said termination via certified mail.

61.   Plaintiff submits, at all times material hereto, the Defendants had knowledge and possession of his last known address.

62.   Plaintiff submits the defendants failed to comply with Articles 6 and 8 of the Contract when they denied him the opportunity to protest the suspension and/or termination.

63.   Plaintiff submits the defendants failed to comply with Articles 6 and 8 of the Contract when they denied him the opportunity to grieve the suspension and/or termination.

64.   Plaintiff submits the defendants failed to comply with Article 6 of the Contract when they did not follow the grievance procedures set forth therein relative to his suspension and/or termination.

65.   Plaintiff submits the defendants failed to comply with Article 8 of the Contract when they did not follow the procedures set forth therein relative to his discipline and/or discharge.

66.   Plaintiff submits these failures by the defendants were intentional and deliberate and they constituted a breach of his contractual rights as an employee of Defendant Levi Strauss provided union representation by Defendant Workers United through Defendant Curtis.

67.   Plaintiff submits these failures by the defendants were intentional and deliberate and they represented an interference with

the exercise of his contractual rights as an employee of Defendant Levi Strauss provided union representation by Defendant Workers United through Defendant Curtis.

68.   Plaintiff submits these failures by the defendants were intentional and deliberate and they constituted a denial of his contractual rights as an employee of Defendant Levi Strauss provided union representation by Defendant Workers United through Defendant Curtis.

### *Discrimination and Violation of Rights*

69.   Plaintiff adopts and incorporates by reference each and every allegation as set forth above.

70.   Section 1981 of the Civil Rights Act of 1991 (Section 1981) forbids, *inter alia,* racial discrimination in contractual relationships.

71.   Section 1981 is applicable to plaintiff as a member of a racial minority and protected class, the Black race.

72.   Section 1981 is applicable to plaintiff as an employee of Defendant Levi Strauss provided union representation by Defendant Workers United.

73.   Plaintiff submits he was discriminated against and denied equal contractual rights under Section 1981 enjoyed by other similarly situated employees of Defendant Levi Strauss provided union representation by Defendant Workers United, particularly, through Defendant Curtis.

74.   Plaintiff submits the defendants discriminated against him and denied him equal contractual rights under Section 1981 when they terminated him without just cause.

75.   Plaintiff submits the defendants discriminated against him and denied him equal contractual rights under Section 1981 when they did not provide him written notice of the termination.

76.   Plaintiff submits the defendants discriminated against him and denied him equal contractual rights under Section 1981 when they did not provide him written notice of the termination within twenty-four (24) hours of same.

77.   Plaintiff submits the defendants discriminated against him and denied him equal contractual rights under Section 1981 when they did not provide him written notice of the reasons for the termination.

78.   Plaintiff submits the defendants discriminated against him and denied him equal contractual rights under Section 1981 when they did not provide him written notice of the termination and reasons for said termination via certified mail to his last known address.

79.   Plaintiff submits the defendants discriminated against him and denied him equal contractual rights under Section 1981 when they did not question any other employee(s) of the same or similar racial minority relative to the alleged theft.

80.   Plaintiff submits the defendants discriminated against him and denied him equal contractual rights under Section 1981 when they did not question any other employee(s) relative to the alleged theft.

81.   Plaintiff submits the defendants discriminated against him and denied him equal contractual rights under Section 1981 when they denied him the opportunity to protest the suspension and/or termination.

82.   Plaintiff submits the defendants discriminated against him and denied him equal contractual rights under Section 1981 when they denied him the opportunity to grieve the suspension and/or termination.

concert, under the law or under contract, were done with malice and a reckless disregard and indifference to plaintiff's federally protected rights.

### *Attorney's Fees*

97.   Plaintiff seeks an award of attorney's fees and all costs of suit and related expenses.

WHEREFORE, PREMISES CONSIDERED, plaintiff brings this action and demands judgment against these defendants, joint and severally, for back pay, compensatory damages, declaratory relief, injunctive relief, and punitive damages. Plaintiff also prays for attorney's fees, all costs and expenses of suit, interest, and all other amounts deemed appropriate by the jury that will compensate plaintiff for the denial, violation and deprivation of his equal contractual, constitutional and statutory rights. Plaintiff further prays for such other and further relief as may be deemed proper under the circumstances.

RESPECTFULLY SUBMITTED, this the ___ day of August, 2014.

MID-TOWN LAW OFFICE, P.A.
POST OFFICE BOX 11556
JACKSON, MISSISSIPPI 39283
(601) 354-2594
RHONDA C. COOPER
MSB NO. 6511
ATTORNEY FOR GEOFFREY GRAY